**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Anthony Quinn Martin** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the **NORTHERN DISTRICT OF GEORGIA**

Case number: **18-54511-pmb**
(If known)

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.
**1.3; 4.3; 6.1; 8.1**

# Chapter 13 Plan

**NOTE:** The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 21-2017, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 21-2017 as it may from time to time be amended or superseded.

## Part 1:  Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

*Check if applicable.*

☐ **The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a timely proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan.*

| § 1.1 | A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2 | ☐ Included | ☑ Not Included |
|---|---|---|---|
| § 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4 | ☑ Included | ☐ Not Included |
| § 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## Part 2:  Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims

### § 2.1  Regular Payments to the trustee; applicable commitment period.

U.S. Bankruptcy Court, N.D. Ga. Chapter 13 Plan Form (December 2017)

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

Debtor    __Anthony Quinn Martin__                                        Case number  _____

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

*Check one:*    ☐ 36 months          ☑ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay **$400.00** per month for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*
☐ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.):*

**§ 2.2    Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply:*
☑    Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☐    Debtor(s) will make payments directly to the trustee.

☐    Other (specify method of payment): _____

**§ 2.3    Income tax refunds.**

*Check one.*
☑    Debtor(s) will retain any income tax refunds received during the pendency of the case.

☐    Debtor(s) will (1) supply the trustee with a copy of each income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any income tax refund during the applicable commitment period for tax years _____, the amount by which the total of all of the income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐    Debtor(s) will treat tax refunds ("Tax Refunds") as follows: _____

**§ 2.4    Additional Payments.**

*Check one.*
☑    **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**§ 2.5    [Intentionally omitted.]**

**§ 2.6    Disbursement of funds by trustee to holders of allowed claims.**

**(a) Disbursements before confirmation of plan.** The trustee will make preconfirmation adequate protection payments to holders of allowed claims as set forth in §§ 3.2 and 3.3.

**(b) Disbursements after confirmation of plan.** Upon confirmation, after payment of the trustee's statutory fee, the trustee will disburse Regular Payments, Additional Payments, and Tax Refunds that are available for disbursement to make payments to holders of allowed claims as follows:

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

Debtor   **Anthony Quinn Martin** _____   Case number   _____

**(1) First disbursement after confirmation of Regular Payments.** In the first disbursement after confirmation, the trustee will disburse all available funds from Regular Payments in the following order:

(A) To pay any unpaid preconfirmation adequate protection payments required by 11 U.S.C. § 1326(a)(1)(C) as set forth in § 3.2, § 3.3, and orders of the Bankruptcy Court;

(B) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

(C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on nonpriority unsecured claims as set forth in § 5.2; and on executory contracts and unexpired leases as set forth in § 6.1; and

(D) To pay claims in the order set forth in § 2.6(b)(3).

**(2) Second and subsequent disbursement after confirmation of Regular Payments.** In the second disbursement after confirmation, and each month thereafter, the trustee will disburse all available funds from Regular Payments in the order below. All available Regular Payments will be distributed to the claims in each paragraph until such claims are paid in full.

(A) To make concurrent monthly payments, including any amount past due under this plan: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

(B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs; and

(C) To pay claims in the order set forth in § 2.6(b)(3).

**(3) Disbursement of Additional Payments and Tax Refunds.** The trustee will disburse the Additional Payments and Tax Refunds in the following order:

(A) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

(B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs;

(C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

(D) To pay other Allowed Secured Claims as set forth in § 3.6;

(E) To pay allowed claims entitled to priority under 11 U.S.C. § 507, other than administrative expenses and domestic support obligations; and

(F) To pay nonpriority unsecured claims not otherwise classified as set forth in § 5.1 ("Unclassified Claims") and to pay nonpriority unsecured claims separately classified as set forth in § 5.3 ("Classified Claims"). The trustee will estimate the total amounts to be disbursed during the plan term (1) to pay Unclassified Claims and (2) to pay Classified Claims. Funds available for disbursement on these claims will be allocated pro rata to each class, and the funds available for disbursement for each class will be paid pro rata to the creditors in the class.

**(4)** Unless the debtor(s) timely advise(s) the trustee in writing, the trustee may treat and disburse any payments received from the debtor(s) as Regular Payments.

| Part 3: | **Treatment of Secured Claims** |
|---|---|

**§ 3.1**   **Maintenance of payments and cure of default, if any.**

_Check one._

☑   **None.** _If "None" is checked, the rest of § 3.1 need not be completed or reproduced._

**§ 3.2**   **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                          Best Case Bankruptcy

Debtor      **Anthony Quinn Martin**                                    Case number

*Check all that apply.*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**§ 3.3    Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**§ 3.4    Lien avoidance.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☑ The judicial liens and/or nonpossessory, nonpurchase money security interests securing the claims listed below impair
exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless the Bankruptcy Court orders
otherwise, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such
exemptions upon entry of the order confirming the plan. The amount of the claim secured by the judicial lien or security interest
that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the claim secured by
the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan to the extent allowed.
See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately
for each lien.*

| Information regarding judicial lien or security interest | Calculation of lien avoidance | | Treatment of remaining secured claim |
|---|---|---|---|
| **Name of creditor**<br><br>First Franklin Financial | a. Amount of lien | $ **2,907.00** | **Amount of secured claim after avoidance** (line a minus line f)<br><br>$ |
| | b. Amount of all other liens | $ **0.00** | |
| | c. Value of claimed exemptions | $ **1757.00** | |
| **Collateral**<br>All Debtors Personal & Real Property | d. Total of adding lines a, b, and c | $ **4664.00** | **Interest rate** (if applicable)<br><br>_____ % |
| **Lien identification** (such as judgment date, date of lien recording)<br><br>Judgment Lien | e. Value of debtor's interest in property     − | $ **1757.00** | |
| | f. Subtract line e from line d. | $ **2,907.00** | **Monthly payment on secured claim**<br><br>$ |
| | Extent of exemption impairment *(Check applicable box)*<br>☑ **Line f is equal to or greater than line a.**<br>The entire lien is avoided *(Do not complete the next column)*<br>☐ **Line f is less than line a.**<br>A portion of the lien is avoided. *(Complete the next column)* | | |

**§ 3.5    Surrender of collateral.**

*Check one.*

Debtor   **Anthony Quinn Martin**                                Case number

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**§ 3.6    Other Allowed Secured Claims.**

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of __5.50__ %. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

**Part 4:    Treatment of Fees and Priority Claims**

**§ 4.1    General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

**§ 4.2    Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

**§ 4.3    Attorney's fees.**

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $ __4,250.00__ . The allowance and payment of the fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 22-2017 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) The Bankruptcy Court may allow additional fees, expenses, and costs to the attorney for debtor(s) in excess of the amount shown in § 4.3(a) above upon application of the attorney in compliance with the Chapter 13 Attorney's Fees Order and after notice and a hearing.

(d) From the first disbursement after confirmation, the attorney will receive payment under § 2.6(b)(1) up to the allowed amount set forth in § 4.3(a).

(e) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $ __347.00__ per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in § 2.6, until all allowed amounts are paid in full.

(f) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $ __2,500.00__ , not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(g) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $ __2,500.00__ , not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 10 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(h) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

Debtor   **Anthony Quinn Martin**                                    Case number   _____

(i) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

**§ 4.4**   **Priority claims other than attorney's fees.**

☐   **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

(a) *Check one.*

☑   The debtor(s) has/have no domestic support obligations. *If this box is checked, the rest of § 4.4(a) need not be completed or reproduced.*

(b) The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| Name of creditor | Estimated amount of claim |
|---|---|
| Georgia Department of Revenue | $0.00 |
| IRS | $4,955.00 |

**Part 5:**   **Treatment of Nonpriority Unsecured Claims**

**§ 5.1**   **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☐ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ A pro rata portion of the larger of (1) the sum of $____ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☑ 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2**   **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☑   **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**§ 5.3**   **Other separately classified nonpriority unsecured claims.**

*Check one.*

☑   **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

**Part 6:**   **Executory Contracts and Unexpired Leases**

**§ 6.1**   **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

☑   **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                              Best Case Bankruptcy

Debtor    **Anthony Quinn Martin**                                    Case number _____

☐    **Assumed items.** Current installment payments will be disbursed directly by the debtor(s). Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor: | Description of leased property or executory contract | Estimated amount of arrearage | Monthly postconfirmation payment to cure arrearage |
|---|---|---|---|
| ~~Hills at Breckinridge~~ | ~~residential lease~~ | ~~0.00~~ | ~~0.00~~ |

☑    **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

---

| Part 7: | **Vesting of Property of the Estate** |

§ 7.1    Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).

| Part 8: | **Nonstandard Plan Provisions** |

§ 8.1    Check "None" or List Nonstandard Plan Provisions.

☐    **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this N.D. Ga. Chapter 13 Plan Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3. (Insert additional lines if needed.)*

Debtor pledged a 2003 Audi A4 on or about June 29, 2016 to First Franklin.  Debtor no longer has the vehicle and First Franklin obtained a Judgment and lien against Debtor on or about February 1, 2018.  The lien is to be avoided pursuant to Section 3.4 of this Chapter 13 plan. There is no longer a secured claim for the PMSI auto lien.

Debtor is rejecting the lease with Hills at Breckinridge.

Debtor will pay student loans directly.  Debtor's student loans are not to be paid as part of this Chapter 13 Plan.  In the event Debtor's student loans are no longer in deferment or forbearance, Debtor will promptly submit an amended budget to the Court.

| Part 9: | **Signatures:** |

§ 9.1    Signatures of Debtor(s) and Attorney for Debtor(s).

*The debtor(s) must sign below. The attorney for the debtor(s), if any, must sign below.*

X    **/s/ Anthony Quinn Martin** _____          X    _____
    **Anthony Quinn Martin**                                    Signature of debtor 2 executed on _____
    Signature of debtor 1 executed on    **November 13, 2018**

X    **/s/ Howard Slomka** _____          Date:    **November 13, 2018**
    **Howard Slomka 652875  GA**
    Signature of attorney for debtor(s)

    **Slipakoff & Slomka PC**                              **Overlook III, 2859 Paces Ferry Rd, SE
Suite 1700
Atlanta, GA 30339**
_____

By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.

Debtor    **Anthony Quinn Martin**_____    Case number    _____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

IN RE:

ANTHONY QUINN MARTIN                :        CHAPTER 13
                                    :
             Debtor.                :        CASE NO.: 18-54511-PMB
                                    :

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within and foregoing Amended
Chapter 13 Plan in the above styled case by depositing same in the United States mail
with the adequate postage affixed thereto to insure delivery addressed as follows:

Melissa J. Davey, Chapter 13 Trustee
260 Peachtree St NE #200
Atlanta, GA 30303

Anthony Quinn Martin
111 Summerbrook Rd
Braselton, GA 30517


SEE ATTACHED FOR ADDITIONAL CREDITORS

Date: November 13, 2018

_____/s/_____
Howard Slomka, Esq.
Georgia Bar # 652875
Slipakoff & Slomka, P.C.
Attorney for Debtor
2859 Paces Ferry Road SE Suite 1700
Atlanta, GA 30339
Tel. (404) 800-4001

Label Matrix for local noticing
113E-1
Case 18-54511-pmb
Northern District of Georgia
Atlanta
Tue Nov 13 16:03:19 EST 2018

1st Franklin Financial Corporation
PO Box 880 Attn: Administrative Services
Toccoa, GA 30577-0880

Amsher Collection Svcs
4524 Southlake Parkway
Hoover, AL 35244-3271

(p)CAPITAL ONE
PO BOX 30285
SALT LAKE CITY UT 84130-0285

Capital One, N.A.
c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701

Cnac/al109
2001 Sparkman Dr Nw
Huntsville, AL 35810-3892

Credit Control Service
725 Canton St
Norwood, MA 02062-2679

Melissa J. Davey
Melissa J. Davey, Standing Ch 13 Trustee
Suite 200
260 Peachtree Street, NW
Atlanta, GA 30303-1236

Department of the Treasury
Internal Revenue Service
P.O. Box 7346
Philadelphia PA 19101-7346

First Franklin Financial
R/A C T Corporation System
289 S Culver St
Lawrenceville, GA 30046-4805

First Premier Bank
601 S Minnesota Ave
Sioux Falls, SD 57104-4868

Franklin Collection Sv
2978 W Jackson St
Tupelo, MS 38801-6731

(p)GEORGIA DEPARTMENT OF REVENUE
COMPLIANCE DIVISION
ARCS BANKRUPTCY
1800 CENTURY BLVD NE SUITE 9100
ATLANTA GA 30345-3202

I C System Inc
Po Box 64378
Saint Paul, MN 55164-0378

IRS
401 W Peachtree Street NW
Atlanta, GA 30308

(p)JACKSON EMC
PO BOX 38
JEFFERSON GA 30549-0038

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

Kohls/capone
N56 W 17000 Ridgewood Dr
Menomonee Falls, WI 53051-7096

LVNV Funding, LLC ISAOA as assignee of
MHC Receivables LLC and FNBM LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

LVNV Funding, LLC its successors and assigns
assignee of MHC Receivables, LLC and
FNBM, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Anthony Quinn Martin
3450 Breckinridge Blvd
Apt. 402
Duluth, GA 30096-7633

Midland Funding, LLC
Midland Credit Management, Inc.
as agent for Midland Funding, LLC
PO Box 2011
Warren, MI 48090-2011

Navient
Po Box 9500
Wilkes Barre, PA 18773-9500

Navient Solutions, LLC. on behalf of
United Student Aid Funds, Inc.
GLHEC and Affiliates
PO BOX 8961
Madison, WI 53708-8961

Online Collections
Po Box 1489
Winterville, NC 28590-1489

Optimum Outcomes Inc
2651 Warrenville Rd Ste
Downers Grove, IL 60515-5544

Pdq Services Inc
700 Churchill Ct
Woodstock, GA 30188-6841

Lee Bynum Perkins
Lee B. Perkins, Attorney at Law
5180 Roswell Road, South Building
Suite 201
Atlanta, GA 30342-2293

Premier Bankcard, Llc
Jefferson Capital Systems LLC Assignee
Po Box 7999
Saint Cloud Mn 56302-7999

Rent Recover
220 Gerry Dr.
Wood Dale, IL 60191-1129

Howard P. Slomka
Slipakoff & Slomka, PC
Overlook III - Suite 1700
2859 Paces Ferry Rd, SE
Atlanta, GA 30339-6213

Southwest Credit Syste
4120 International Pkwy
Carrollton, TX 75007-1958

Stanisccontr
914 14th St
Modesto, CA 95354-1011

T Mobile/T-Mobile USA Inc
by American InfoSource LP as agent
4515 N Santa Fe Ave.
Oklahoma City, OK 73118-7901

The Hills at Breckinridge
3450 Breckinridge Blvd
Duluth, GA 30096-7556

The Hills on Breckinridge

U. S. Attorney
600 Richard B. Russell Bldg.
75 Ted Turner Drive, SW
Atlanta GA 30303-3315

US Department of Education
PO Box 16448
St. Paul, MN 55116-0448

Us Auto Finance/us Aut
824 N Market St Ste 220
Wilmington, DE 19801-3024

Verizon
by American InfoSource LP as agent
4515 N Santa Fe Ave
Oklahoma City OK 73118-7901

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Capital One
15000 Capital One Dr
Richmond, VA 23238

Georgia Department of Revenue
1800 Century Blvd
Suite 17200
Atlanta, GA 30345

JACKSON EMC
PO BOX 100
JEFFERSON, GA 30549

Jefferson Capital Syst
16 Mcleland Rd
Saint Cloud, MN 56303

(d)Jefferson Capital Systems LLC
PO Box 7999
Saint Cloud, MN 56302-9617

End of Label Matrix
Mailable recipients     39
Bypassed recipients      0
Total                   39